ZACHRY et al. v. NOLAN.

(Circuit Court of Appeals, Fifth Circuit. February 19, 1895.)

No. 336.

1. CONTRACTS—ACCEPTANCE—QUESTION FOR JURY.
    Plaintiff gave to defendants a written option to lease certain shares of stock in the A. Co., owned by her,—such option to continue for 30 days,— and at the same time gave defendants a proxy to vote on such stock. Within the 30 days, defendants offered, at a stockholders' meeting, to vote on the stock, and, when their right to do so was challenged, exhibited the proxy and the option in proof of their right, which proof was accepted, and their votes received. Plaintiff afterwards sued defendants for the rent of the stock, specified in the option, as upon accounts stated, claiming that defendants' acts in voting on the stock constituted an acceptance of the option. Held, that the question whether the option had been accepted or not was for the jury, and it was error to charge peremptorily that defendants' acts constituted an acceptance.

2. SAME—EVIDENCE.
    Held, further, that a letter written by plaintiff to defendants some time after the meeting at which they voted on the stock, claiming that her power of attorney to vote the stock had been obtained by defendants' promise to guaranty her the rent specified in the option, which had not been fulfilled, and revoking the power of attorney, was admissible in evi-

dence as tending to show that, when it was written, plaintiff did not consider that the option had been accepted and a complete contract made.

**3.** SAME—STATUTE OF FRAUDS.

Though a contract for the use of property is invalid, by the statute of frauds, its covenants are still valid as long as the use continues, and reference may be made to them for the terms and times of payment, as a measure of the value of the use.

In Error to the Circuit Court of the United States for the Middle District of Alabama.

This was an action by Ione Nolan against J. T. Zachry and L. Lanier upon an alleged account stated. In the circuit court, plaintiff recovered judgment. Defendants bring error. Reversed.

H. C. Tompkins, for plaintiffs in error.

John M. Chilton and Roquemore & White, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. This is a suit brought in the court below by the defendant in error against the plaintiffs in error, claiming $3,590 as due by account. In the second count of the complaint the money is claimed as due by six separate accounts, stated on specified dates, for $518 each. To the complaint the defendants below first filed the plea of general issue, and subsequently filed the special plea of the statute of frauds. To the latter plea a demurrer was interposed by the plaintiff, and sustained by the court; and the cause went to trial on the plea of the general issue, which cast on the plaintiff the burden of proving the allegations of the complaint. The plaintiff introduced in evidence a written instrument, in words and figures as follows:

"State of Louisiana, De Soto Parish. Be it known that I, Mrs. Ione Nolan, of said state and parish, do contract and agree with W. S. Jackson, L. Lanier, and J. T. Zachry, all of Troup county, Georgia, as follows: Whereas, the said Ione Nolan is the owner of seventy-four (74) shares in the Alabama and Georgia Manufacturing Company, of Alabama, and being desirous of realizing the best income on said stock, does hereby covenant and agree with said Jackson, Lanier, and Zachry, to give them, and such others as may be associated with them, the option of leasing my seventy-four (74) shares in said manufacturing company for the period of five years at seven (7) per cent. per annum on said stock. This option to be binding, and stand for thirty days from the fourteenth day of July, 1888, and this option shall not be revoked by me during the time specified. In testimony whereof, I have hereunto set my hand and affix my seal this July 14th, 1888.          Ione Nolan. [L. S.]

"Authorized by me.                               Walter Nolan.

"Attest: L. H. Hudson. Jas. H. Sutherlin."

To this paper was affixed an acknowledgment of its execution by the plaintiff. The plaintiff then introduced evidence to the effect that at the regular annual meeting of the stockholders of the Alabama & Georgia Manufacturing Company held on the 25th July, 1888, adjourned to the 2d August, 1888, when the plaintiff's name was called, the defendant Zachry announced that he held her proxy, and would vote her stock; that his right to do so was challenged by the officer calling the roll of stockholders, who demanded to see Zachry's authority; that Zachry produced as his authority

an ordinary proxy, such as is usually employed for such purpose, which was signed by the plaintiff, and which authorized him to vote the stock; that at the same time he produced the written instrument hereinbefore set out; and that he announced at the time of producing the two instruments that he claimed the right to vote the stock, under the authority conferred by them. Upon the production of these instruments his right to vote was no longer challenged. The evidence further was that by means of voting this stock the defendants were enabled to control the election of the directors of the company, and did elect three new members of the board of directors, and thereby got control of it. The proxy referred to was not produced, but it was proven that it was given to the committee on proxies at the stockholders' meeting, and that papers of this character were kept by the company in the state of Georgia, and outside of the jurisdiction of the court. The defendant Zachry testified that he voted the stock of the plaintiff; that the power of attorney under which the stock was voted was given to him by the plaintiff, and that it gave him authority to vote her stock; that he got it on the 14th July, 1888, the same day the option contract was delivered to him; that they were both signed at the same time, but were written on different sheets of paper. He further testified that he went to the plaintiff's home, in Louisiana, for the purpose of getting the option and power of attorney, and obtained them from her there, and that his codefendant, Lanier, knew he was going there, and the purpose of his visit. This is, in substance, the case made by the evidence. There are many assignments of error, but the material questions raised by them, and which we deem it necessary to especially consider, are (1) whether the circuit court erred in giving the peremptory charge for the plaintiff; and (2) whether the court erred in excluding evidence offered by the defendants tending to show the revocation of the option contract introduced in evidence by the plaintiff.

To render the defendants liable in this action, there must have been an acceptance by them of the option. There was an offer of a contract. It was not binding on defendants until accepted, and it reserved a limited time within which it could be accepted. While the plaintiff prescribed a certain time within which the option was to stand, she did not prescribe the manner and form in which it was to be accepted. The contract was not perfect until the offer was accepted, and the acceptance must have been absolute and unqualified. 3 Am. & Eng. Enc. Law, p. 850, and authorities cited in note. In this case there was no express acceptance of the option; but the plaintiff's contention is that, from the voting of the stock by the defendant Zachry under the authority of the plaintiff's proxy, and his claiming the right to do so under the proxy and the option, an acceptance was to be implied. A contract may be implied by conduct, but such conduct must be unambiguous and unconditional. Id. p. 856. The inference to be drawn from Zachry's acts was an inference of fact, and not of law; and the jury, and not the court, should have determined it. It is only when the inference is so clear that the jury cannot fairly draw

any other that the court is justified in taking the case from the jury. "Where a cause fairly depends upon the effect and weight of testimony, it is one for the consideration and determination of the jury, under proper directions as to the principles of law involved. It should never be withdrawn from them unless the testimony be of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition to it." Insurance Co. v. Doster, 106 U. S. 30, 1 Sup. Ct. 18. Zachry's right to vote the stock was derived from the plaintiff's power of attorney, and from that alone. The "option contract," as it is called, would have given him no right to vote the stock, even if he had, at the time he exhibited it, expressly declared his acceptance of the option. But he made no such declaration. His act of voting must then have been referable to the power of attorney, which alone gave him the right to vote. If his conduct, from which an acceptance of the option was inferred, was as referable to one state of facts as to another, it cannot be said to have been unambiguous and unqualified. Neither can his conduct in voting the stock be construed by the motive that may have induced the plaintiff to give him the proxy to vote it, nor the option to lease it. The court erred in giving the peremptory charge, the effect of which was to say that from the act of voting the stock, and the attending circumstances, the law implied conclusively an acceptance of the option to lease the stock for the term of five years. The court thus withdrew from the jury the cause, which fairly depended upon the effect and weight of the testimony.

We are also of the opinion that the court erred in excluding the plaintiff's letter of October 9, 1888, with the evidence offered in connection therewith by the defendants. The letter referred to is as follows:

"Mansfield, La., Oct. 9th, 1888.

"Mr. J. T. Zachry—Dear Sir: Several months since, and before the meetings of stockholders of the Ala. & Ga. Mfg. Co. in July last, you obtained from me a power of attorney to vote my stock in that company (74 shares). This was obtained from me on the representation that you and Mr. Lanier were going to lease the stock of Messrs. Hutchinson, Jackson, and perhaps others, and the assurance that if I would sign the power I should receive seven per cent. on the amount of the stock, and within thirty days I should be given a written guaranty by you and Mr. Lanier,—either of you would give,—agreeing to pay me seven per cent. per annum for five years. I have never received either the seven per cent., or any guaranty or contract. The whole ground on which my signature was obtained was erroneous, and no consideration has been paid, or contract made, &c. I therefore hereby revoke and cancel the power of attorney given to you, and request that it be sent back to me. I would also notify you that you are not authorized to act under it further, as I have given another power of attorney, which supersedes the one mentioned.

"Yours, truly,                                              Ione T. Nolan.
                                                           "Walter Nolan."

The suit was in assumpsit, on accounts stated. The option contract was in evidence to prove the accounts declared on. It seems to us that the letter (and the evidence offered with it) was clearly admissible to show how the plaintiff considered and treated the option,—that she considered it had not been accepted; also, to show by her own declarations that no contract of lease was ever made,

and that she revoked and canceled the power of attorney given by her to Zachry. This evidence may not have been admissible, under the pleadings, to show, or as tending to show, a rescission of the contract of lease, but was admissible as tending to rebut and avoid the claim set up in the complaint, and sought to be established by the introduction of the option contract,—that on certain specified dates an account was stated between the parties. It further tended to show that, if said contract of lease was ever perfected, it had, by the act of parties, ceased to exist prior to the dates specified, on which the accounts sued on are alleged to have been stated.

We think the court erred in admitting, against the defendants' objection, a good deal of evidence tending to show the character of the administration and the condition of the corporation subsequent to the election of the board of directors, at which the defendant Zachry voted the plaintiff's stock. This evidence was irrelevant and immaterial, and did not in any way tend to establish the issues in the cause. It was calculated to mislead the jury, and to invite them to consider issues that were not in the case.

The court also erred in refusing to permit testimony that, after the receipt of the plaintiff's letter by Zachry, the defendants never exercised any acts of ownership over the stock. Such evidence was competent as a circumstance tending to show, in connection with other erroneously excluded testimony in the cause, the revocation of the option contract, and also as tending to show the extent of the defendants' use and control of the stock.

We find no error in the court's ruling on the demurrer to the special plea.

The suit is not on the contract of lease of the stock, but it is an action on account for the use of the stock. If the contract was made by the implied acceptance of the option, as claimed by the plaintiff, it may be invalid and unenforceable, because not in writing; but its covenants are valid as long as the use of the stock by the defendants lasts, and reference may be made to them for the terms and time of payment, in an action of this kind, as a measure of the value of such use. 8 Am. & Eng. Enc. Law, pp. 660–688. In our opinion the court also erred in its refusal to give charges numbered 1, 4, and 6, requested by the defendants. The judgment is reversed and the cause remanded, with directions to the circuit court to award a new trial.

Reversed and remanded.