**HAYHURST v. HENRY et ux.**

**Civ. A. No. 1364.**

United States District Court
N. D. Texas, Amarillo Division
Dec. 20, 1951.

Merchant & Fitzjarrald, and Gibson, Ochsner, Harlan, Kinney & Morris, all of Amarillo, Tex., for plaintiff.

James W. Witherspoon, John D. Aikin and Wayne Thomas, all of Hereford, Tex., for defendants.

DOOLEY, District Judge.

The plaintiff herein, Hayhurst, a citizen of Missouri, has sued the defendants Henry and wife, citizens of Texas, to recover damages in excess of $3,000.00 for personal injuries sustained December 1, 1949. The plaintiff at said time was an employee of the Hereford Gin Company at Hereford, Texas, a subscriber under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., and its insurer was Texas National Mutual Insurance Company of Fort Worth, Texas, incorporated under the laws of Texas. The plaintiff claimed that his injuries in question were compensable, and has been paid compensation (but less than the amount of his sued for damages), by said insurer corporation, and it consequently owns a subrogation interest in the plaintiff's alleged cause of action under the terms of the Revised Statutes of Texas 1925, Art. 8307, sec. 6a.[1] The said subrogee is not a party or intervener herein, nor could it be joined herein without ousting the jurisdiction of court, as in that event citizens of Texas would be adversely opposed in the suit. The defendants nevertheless have filed a motion contending that the insurer is an indispensable party but being joined the suit must be dismissed for want of jurisdiction.

The defendants in support of said motion have cited the case of Orange Ice, Light & Water Company v. Texas Compensation Insurance Company, 5 Cir., 278 F. 8, 10. In that case the compensation insurer, a corporate citizen of Delaware, having paid the injured employee some statutory compensation until his ensuing death, and then paid the statutory death liability to his widow, brought suit as subrogee and also for the use of the employee at first and his widow later against two defendants, both corporate citizens of Texas, for his personal injuries and death, but neither the employee in his lifetime nor his widow afterwards was joined as a party plaintiff in said suit. The defendants challenged the jurisdiction of the court on the ground that the employee and his widow successively were in the position of a joint plaintiff, and both were citizens of Texas when the suit was filed. The court held that the aforesaid statutory article noted in the margin "had deprived the employe and his representatives, who elected to hold the insurance association of all right to institute an action against a wrongdoer", and that the insurer having the "entire legal title to the cause of action", was thus "the sole party plaintiff on whose citizenship the jurisdiction depended." This case was decided in 1922, when the compensation law was comparatively new in Texas, and the decision on its face is clearly in point, but no less clearly out of step with the later growth of

1. "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employe or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employe in so far as may be necessary and may enforce in the name of the injured employe or of his legal beneficiaries or in its own name and for the joint use and benefit of said employe or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employe or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employe or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employe or his beneficiaries and the approval of the board, upon a hearing thereof."

decisions in the State courts construing the statute in question. The present State holdings are that an injured employee, claiming and collecting compensation, still owns any cause of action for his injuries against a third party, subject to the insurer's subrogation interest,[2] and that the employee has the right under the statute to institute and maintain a suit of this kind without the insurer as a party to the suit,[3] although ordinarily on objection for non-joinder the insurer will be made a party, and many such suits have been maintained in Texas, usually where the insurer had failed and refused to file suit,[4] or had requested the employee to act alone in the prosecution of the suit,[5] but also where the employee alone sued and apparently gave no reason for failing to join the insurer.[6] All of the above goes to show that under the State law the insurer as subrogee is certainly not an indispensable party in a suit against a third person sued as wrongdoer liable for the employee's injuries. This is also the majority rule in such cases throughout the country.[7]

An examination of the question strictly from the standpoint of Federal practice comes to the same conclusion. The present insurer as subrogee definitely is not an indispensable party in this pending suit, and a recent decision of the Supreme Court is cited on the point.[8] The Court of Appeals for this Circuit, in dealing with a case brought by an injured employee, after collecting statutory compensation, as sole plaintiff against a third party to recover damages for said injuries, reformed the plaintiff's judgment by a reduction equal to the amount of his paid compensation, and with that change affirmed the judgment of the trial court.[9] Obviously such action by the court necessarily implies that the compensation insurer was not an indispensable party in the employee's suit against the alleged tort-feasor. Once it is determined that the present compensation insurer is not an indispensable party then the proper course herein is plain under Rule 19(b) of the Federal Rules of Civil Procedure 28 U.S.C.A.[10] It is deemed a proper exercise of discretion herein under the Rule to abide the non-joinder of said compensation insurer and retain jurisdiction for trial and judgment as between the present parties to this suit. Such action is not only sanctioned by the present Rule, but

2. Traders & General Ins. Co. v. West Texas Utilities Co., 140 Tex. 57, 165 S. W.2d 713; Independent Eastern Torpedo Co. v. Herrington, 128 Tex. 17, 95 S.W. 2d 377, 379.

3. Mitchell v. Dillingham, Tex.Civ.App., 22 S.W.2d 971.

4. Houston Gas & Fuel Co. v. Perry, 127 Tex. 102, 91 S.W.2d 1052; Galveston-Houston Electric Co. v. Reinle, Tex.Civ. App., 264 S.W. 783; Lancaster v. Hunter, Tex.Civ.App., 217 S.W. 765.

5. Galveston, H. & S. A. Ry. Co. v. Mallott, Tex.Civ.App., 6 S.W.2d 432; Snodgrass v. American Surety Company of New York, Tex.Civ.App., 156 S.W.2d 1004.

6. Mitchell v. Dillingham, supra; Younger Bros. v. Moore, Tex.Civ.App., 135 S.W.2d 780.

7. McGeorge Contracting Co. v. Mizell, 216 Ark. 509, 226 S.W.2d 566.

8. United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 382, footnote 19, 70 S.Ct. 207, 94 L.Ed. 171.

9. Sunray Oil Corporation v. Allbritton, 5 Cir., 187 F.2d 475.

10. "(b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

also by long standing practice in the Federal courts.[11]  Of course care will be taken not to prejudice the rights of the absent insurer and subrogee.

The defendants' motion accordingly is overruled.

---

11. Payne v. Hook, 7 Wall. 425, 74 U.S. 425, 19 L.Ed. 260; Horn v. Lockhart, 17 Wall. 570, 84 U.S. 570, 21 L.Ed. 657.

Ohlinger's Federal Practice (Revised Ed.) V. 3, p. 367.