STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

*v.*

JOE N. DEWEES AND GLEN DEWEES

(CC 838)

Submitted September 17, 1957. Decided October 8, 1957.

*F. T. Kingdon, Kingdon & Kingdon,* for plaintiff.

*D. Grove Moler,* for defendants.

RILEY, PRESIDENT:

In its suit in equity, State Farm Mutual Automobile Insurance Company, a corporation, as subrogee of London Mills, its insured upon an automobile collision insurance policy, which covered liability for both personal injuries and property damage to his automobile, sought to recover the amount of money paid by the insurer to its insured for property damage to his automobile, resulting from a collision of his automobile with defendants' automobile on State Route No. 10 in Wyoming County, on June 6, 1953. The Circuit Court of Wyoming County sustained plaintiff's demurrers to defendants' pleas in abatement and answers, and overruled the demurrer of defendants to plaintiff's bill of complaint; and upon the court's own motion, with agreement of counsel, certified the case to this Court.

The issue, as suggested by the certified questions, is whether the plaintiff insurer may maintain its suit in equity in its own name for property damage to insured's automobile after: (1) The insured London Mills has brought an action for personal injuries resulting from the collision, in which he obtained judgment in the amount covered in the insured's name for personal injuries, which judgment was satisfied by the insurer; and (2) the insured subsequently brought a separate action at law against the defendants named in the personal injury action for property damage to his automobile, occurring in the same collision and at the same time, and allegedly caused by the same negligence of the defendants relied upon in the personal injury action, which second action, instituted as aforesaid in the name of the insured London Mills, covered the same damages to the insured's automobile as are described in the instant bill of complaint, which second action was held by this Court in the case of *London Mills, etc., who sues by Ollie Mills, his committee* v. *Joe N. DeWees, et al.*, 141 W. Va. 782, 93 S. E. 2d 484, 485, to have been barred by the failure of plaintiff in the first action to join the property damage claim with the claim for personal injuries in the first action instituted by the insured.

The issues in the instant suit were raised: (1) By plaintiff's bill of complaint; (2) defendants' plea in abatement and amended and supplemental plea in abatement; (3) defendants' joint and several answer and amended and supplemental joint and several answer; and (4) plaintiff's demurrer to defedants' original, amended and supplemental pleas in abatement, and defendants' joint and several answer and amended and supplemental joint and several answer.

The main issue presented by the certified question is whether the special original and amended pleas in abatement, and the original and amended answers of the defendants, in so far as they set up the defense of *res judicata* of the issue of property damage, sought to be asserted in the second action at law, preclude the maintenance of this suit in equity for subrogation.

The grounds presented by the plaintiff's demurrers to defendants' pleadings are:

"(1) That the party plaintiff in the former actions at law, set forth in defendants' said amended and supplemental special plea in abatement and their said amended and supplemental answer, is not the same as in this suit; and,

"(2) That the fundamental nature of the former actions at law is different from that presented by the complaint in this suit; and,

"(3) That the obligation, its nature and time of inception involved in the second former action at law, is different from that presented in the bill of complaint in this suit; and,

"(4) That the issues presented in the *second* former action at law were not determined upon their merits but upon a procedural question based upon a special plea in abatement, the result of which in the Supreme Court of Appeals as set forth by its opinion therein, required only the dismissal of said second former action, it being limited by its terms to the questions whether two actions *at law* might be maintained by the *same plaintiff* to recover separately for personal injury and property damage sustained."

In sustaining the demurrers, the circuit court decided each of these questions in favor of the plaintiff.

The case of *London Mills, etc.* v. *Joe N. DeWees, et al., supra,* involved the right of recovery for property damages in the second action at law. This Court in point 1 of the syllabus of the *Mills* case held: "Though a cause of action for damages to property is assignable and a cause of action for personal injuries is not; though, under a prior policy of insurance containing a subrogation clause, an insurer may be subject to the rights of the injured party; and though the limitation period provided for by the statute of limitations is different in cases involving damages to property from cases involving personal injury damages, damages resulting from a single tort suffered by one person, consisting partly of property damages and partly personal injury damages, are the subject of only one action against a tort-feasor."

This record discloses that on June 6, 1953, the insured London Mills, while driving his automobile on Route No. 10 in Wyoming County, suffered personal injuries and property damage to his automobile in a collision with the automobile of one of the defendants in two actions at law, Joe N. DeWees, operated by his son, the defendant, Glen M. DeWees. At the time of the collision the automobile was insured against collision, damage and loss, by an insurance policy or contract generally called "50.00 deduction type", issued by the insurer, the plaintiff in the instant suit in equity, State Farm Mutual Automobile Insurance Company, which policy contained the standard subrogation clause inuring to the benefit of the insurer. Subsequent to the collision the insurer adjusted and paid the property damage loss to the insured, and on this basis it is claimed in this suit that the insurer became the subrogee of the insured. The bill of complaint herein, however, does not disclose the date of such payment.

In the first action at law, instituted in the Circuit Court of Wyoming County, styled London Mills, an insane person, who sues by Ollie Mills, his committee, v. Joe N.

DeWees, et al., the declaration set forth that the collision resulted in permanent injuries to Joe N. DeWees, medical expenses, and loss of wages. In that action no claim for property damage was made.

The defendants in the first action at law for personal injuries pleaded the general issue, and the jury returned a verdict of eight thousand dollars. Judgment was entered on the verdict of the jury in the amount returned by the jury and paid, and the case retired from the docket of the trial court. Later on March 3, 1955, insured's committee instituted another action at law of trespass on the case for property damage, growing out of the same collision, in which action property damage in the amount of two thousand dollars for the total loss of the automobile was claimed. In this second action at law to recover damages for personal injuries, the defendants filed (1) a plea of the general issue, and (2) a special plea of *res judicata,* showing the identity of the parties, and the nature of the cause of action asserted in the first action at law. Demurrers having been interposed to defendants' pleas in the second action, the trial court sustained the demurrers and the court by a peremptory instruction directed the jury to return a verdict for plaintiff's committee, and submitted to the jury the determination of the quantum of damages, if any. Thereupon, the jury in the second action at law returned a verdict in favor of plaintiff, in the amount of $1,694.40, and judgment was entered thereon.

Pending the trial of the second action at law and before the entry of judgment thereon, the plaintiff in the instant chancery suit, claiming to have been substituted to the rights of the insured under the subrogation clause contained in the policy, brought this suit in chancery against both defendants named in both actions at law.

Upon writ of error to the judgment in plaintiff's favor in the second action at law, this Court reversed the trial court, set aside the verdict, and awarded the defendants

a new trial. This chancery cause was continued from term to term on the docket of the trial court.

Prior to the reversal of judgment of the circuit court in this Court, the defendants herein filed: (1) A plea in abatement, setting up the prior judgments in the actions at law by way of the defense of *res judicata;* (2) a demurrer to the bill of complaint; and (3) a joint and several answer; and the plaintiff demurred to the plea in abatement. Thereafter, following the decision of this Court, the defendants filed: (1) An amended and supplemental plea in abatement, and (2) an amended and supplemental answer; both of which pleadings asserted as a bar to this suit the decision opinion and mandate of this Court. To these amended and supplemental pleadings, the plaintiff demurred, and the trial court sustained the plaintiff's demurrer to defendants' pleadings, overruling the defendants' demurrer to the bill of complaint.

It is here asserted by counsel for the defendants that the plaintiff, who has sustained personal injuries and property damage in the automobile collision, has, under the holding of this Court in *Mills, etc. v. DeWees, et al., supra,* only a single cause of action, and that (1) the elements of damages, consisting of injury to person and property, must be joined in the same action, or the plaintiff be barred in a subsequent action for the element of damages not so joined; and (2) a subrogee is not an exception to this rule, and as the alleged subrogee, in a second and subsequent action, either at law or in equity in the name of the insurer or the insured, is precluded by the earlier action at law brought by the insured; and where the insured has already instituted an action for identical damages in his own name, and the alleged subrogee has awaited the outcome of that action before attempting to assert the right of subrogation to the claim for the alleged property damage asserted in the second action at law and paid by the insurer.

In the foregoing regard it is to be noted that the case of *Mills, etc. v. DeWees, et al., supra,* determined by this

Court during the pendency of the chancery suit, involved the question whether the cause of action against a common defendant or defendants for both personal injuries and property damage may be split. This Court having held in the *Mills* case that such cause of action may not be split, the question presented by this record is whether the claim for property damage, having been paid by the insurer, the insurer may assert in a court of equity a claim for subrogation under the subrogation clause of its policy by a suit instituted, pending the second cause of action, where the two causes of action, one to recover damages for personal injury, and the other to recover damages for property are split by the institution of two separate actions at law in the name of the insured, or, as in this case, in the name of the insured's committee, where the record is silent as to any collusion between the insured and the alleged tort-feasor, and is likewise silent as to whether the insurer knew of the first action at law and the second action at law, which resulted in the splitting of the cause of action contrary to the holding of this Court, in this Court on writ of error in the second action at law brought to recover property damages.

This brings us to the question whether the right of subrogation is a primary right or whether it is a right derivative from the obligation which the defendants' tort-feasor owes the insured or his committee. If the first action at law served, as we have held when the case was before us on the former occasion, to bar the second action at law, then it follows that if the right of subrogation is derivative and not primary a suit in equity cannot be brought by the insurer against the tort-feasor in the name of the insured or his committee, on the basis that the insurer paid the amount of the judgment for property damages in favor of the insured on the basis of the subrogation clause contained in the policy.

"Subrogation depends upon a relationship of principal and surety, or of primary and secondary liability, or a situation in which one person is compelled, even though only

for his own protection and without obligation to another, to pay some other person's debt. * * * But the doctrine is not confined to sureties and extends to all persons who are required to pay the debts of another for the protection of their own interests." 18 M. J., Subrogation, Section 4. A clause providing for subrogation in an insurance policy simply places insurer, so far as the right of subrogation is concerned, against the debtor or alleged tort-feasor, in the place of the insured. As the insured here, contrary to the ruling of this Court in the former case, instituted two actions at law, the first to assert damages for personal injuries, and the second to assert property damages, not asserted in the first action, the latter action is barred; and, by the same token, the person liable has no obligation or debt to the insurer. By the very nature of the law governing subrogation, the insured having no right to the claim asserted in the second action at law, there is no debt or obligation due to the insurer from the alleged tort-feasors; and, therefore, no basis upon which the purely equitable doctrine of subrogation may be asserted.

For the foregoing reasons we are of opinion that the trial court erred in sustaining plaintiff's demurrers to defendants' pleadings and overruling defendants' demurrer to plaintiff's bill of complaint; and, therefore, the ruling of the trial court on the respective demurrers in favor of the plaintiff, State Farm Mutual Automobile Insurance Company, are reversed, and this case remanded with directions that the trial court sustain defendants' demurrer to plaintiff's bill of complaint, with leave, if plaintiff be so advised, to amend the bill of complaint.

*Rulings reversed; case remanded with directions.*