HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY v.
GORRELL R. SHEEK.

(Filed 12 January, 1968.)

**1. Insurance § 53—**

Payment by the insurer to the insured subrogates the insurer *pro tanto* to insured's claim against the tort-feasor causing the damage; where insurer pays the full damages it is subrogated to the entire cause of action and alone may sue; where the sum paid is partial compensation of the damages the insured must bring the suit in his own name; and where the insured refuses to bring the suit, the insurer may bring it and join insured as a defendant.

**2. Pleadings § 24;    Notice § 1—**

If an answer is subject to amendment, the allowance of such amendment is addressed to the sound discretion of the trial court, and where motion for leave to amend is made at term, notice is not required.

**3. Parties § 8—**

Where an action to recover a loss partially compensated by insurance is brought in the name of the insurer, the court is without authority to allow an amendment to permit the insured to be made an additional party, since, the sole right to sue being in the insured, the court may not allow an amendment amounting to a substitution or entire change of parties.

APPEAL by plaintiff from *Gambill, J.*, April 24, 1967 Session, FORSYTH Superior Court.

The plaintiff, Hardware Dealers Mutual Fire Insurance Company, instituted this civil action against Gorrell R. Sheek to recover the sum of $10,045, the amount the plaintiff paid to its insured, Ogburn Station Furniture and Hardware Store, Inc. as a result of its fire loss on April 5, 1963. The plaintiff alleged the fire loss resulted from the defendant's negligence in starting and leaving unattended a trash fire near the insured store. The sparks from the fire were carried to and ignited the defendant's building adjoining the insured store, and the fire spread to and damaged the insured building and merchandise.

The summons was issued July 24, 1964. The verified complaint was filed that day. On September 4, 1964 (time having been ex-

tended) the defendant filed a verified answer denying negligence. However, on April 24, 1967 the defendant filed the affidavit of Karl G. Williams, President of the insured, stating his company's loss amounted to $12,300 and the amount collected was $10,045, the full amount of the insurance coverage. The defendant did not know the plaintiff had paid only a part of the insured's loss until April 22, 1967. The affidavit and motion to amend the answer were filed on April 24, 1967. The Court permitted the defendant to amend his answer by adding the following:

> "For a FURTHER DEFENSE the defendant alleges that the total fire loss sustained by the insured on April 15, 1963 [sic] exceeded the sum of $15,000; that the plaintiff paid to the insured only the sum of $10,045; that, therefore, this action cannot be maintained by the plaintiff insurance company in its own name, but any action against this defendant for the damages alleged in the complaint can be maintained only by the insured, Ogburn Station Furniture and Hardware Store, Inc., and in its name.
>
> The defendant prays that the action be dismissed on the ground that the plaintiff is not the real party in interest and has no cause of action."

On April 24, 1967, the plaintiff filed the following:

> "The plaintiff moves that it be allowed to file an amendment to its complaint adding as a party defendant Ogburn Station Furniture and Hardware Company, Inc. for the reasons stated hereinbelow:
>
> (1) The plaintiff is an insurance company who insured Ogburn Station Furniture and Hardware Company, Inc. against fire loss and paid under its insurance policy the sum of $10,045.00 thereon.
>
> (2) The loss under the aforesaid policy which is the subject of this action was in excess of $10,045.00 amount prayed for in the complaint.
>
> (3) Ogburn Station Furniture and Hardware Company, Inc. has refused to be joined as a plaintiff in a prosecution of an action for negligence against Gorrell R. Sheek.
>
> (4) Ogburn Station Furniture and Hardware Company, Inc. is, under the rules of pleading, a necessary party to this action. WHEREFORE, the plaintiff prays that it be allowed to amend its

complaint to name as an additional party defendant Ogburn Station Furniture and Hardware Company, Inc.

This 24th day of April, 1967."

The Court refused to allow the plaintiff to amend the complaint. In a pre-trial conference, the Court found the plaintiff had paid only a part of the insured's actual loss. The Court entered an order dismissing the action at plaintiff's costs. The plaintiff appealed, assigning errors.

*Womble, Carlyle, Sandridge & Rice by W. P. Sandridge, Jr., for plaintiff appellant.*

*Deal, Hutchins and Minor by Roy L. Deal for defendant appellee.*

HIGGINS, J. By proper assignments of error, the plaintiff contends the trial court committed errors of law: (1) by allowing the defendant's motion to amend his answer to allege the plaintiff, having paid only a part of the loss, is not the real party in interest; (2) by refusing to permit the plaintiff to amend the complaint by making the insured an additional party; and (3) by dismissing the action.

Our cases seem to establish the proposition that when an insurer of property pays the insured's loss, he is subrogated to the extent of the payment to insured's claim against the wrongdoer who caused the damage. If the sum paid covers the entire loss, the insurer is subrogated to the entire cause of action and may sue the wrongdoer without making the insured a party. When the insurer pays only a part of the loss, the insured must bring the suit for the entire loss in his own name. He becomes a trustee for the insurer to the extent of the amount the insurer has paid. If the insured refuses to bring the suit, the insurer may sue in its own name, for the amount it has paid, and make the insured a party defendant. The wrongdoer is entitled to have the amount of his liability determined in a single action. *Shambley v. Heating Co.*, 264 N.C. 456, 142 S.E. 2d 18; *Phillips v. Alston*, 257 N.C. 255, 125 S.E. 2d 580; *Burgess v. Trevathan*, 236 N.C. 157, 72 S.E. 2d 231; *Gaither Corp. v. Skinner*, 241 N.C. 532, 85 S.E. 2d 909; *Smith v. Pate*, 246 N.C. 63, 97 S.E. 2d 457.

The defendant, in term, applied for leave to amend his answer two days after he ascertained the plaintiff insurer had paid the full amount of the coverage but had not paid the full amount of insured's loss. The plaintiff does not challenge this contention. The application for leave to amend the answer was addressed to the sound discretion of the trial court. The order allowing the amendment was made in term. Notice was not necessary. *Burrell v. Transfer Co.*, 244 N.C. 662, 94 S.E. 2d 829; *Harris v. Board of Education*, 217

N.C. 281, 7 S.E. 2d 538; *Coor v. Smith,* 107 N.C. 430, 11 S.E. 1089; *Chappell v. Winslow,* 258 N.C. 617, 129 S.E. 2d 101. The Court did not commit error of law in allowing the amendment to the answer.

The answer, as amended, discloses a complete defense to the plaintiff's action. It was not brought by the real party in interest. The plaintiff moved to amend the complaint by making Ogburn Station Furniture and Hardware Company, Inc. a party. In the written motion to amend, the plaintiff alleges the insured's loss exceeded the amount of plaintiff's coverage. When the Court ascertained this fact in the pre-trial conference, the Court concluded the plaintiff could not maintain the action. This Court said, in *Shambley v. Heating Co., supra,* at 458:

> "The defendants have the right to demand that they be sued by the real party in interest and by none other. . . . Having decided the plaintiffs cannot maintain this action, the court, even under its broad power to allow amendment, was without power in this case to permit the addition of a new party whose presence before the court might bring back to life a dead cause of action. 'The court has no authority, over objection, to convert a pending action which cannot be maintained into a new and independent action by admitting a party who is solely interested as plaintiff.' *Graves v. Welborn,* 260 N.C. 688, 133 S.E. 2d 761; *Exterminating Co. v. O'Hanlon,* 243 N.C. 457, 91 S.E. 2d 222. 'Ordinarily, an amendment of process and pleading may be allowed in the discretion of the court to correct a misnomer or mistake in the name of a party. . . . But not so where the amendment amounts to a substitution or entire change of parties.' *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559."

The sole right to sue in this case was in Ogburn, the insured whose property was negligently damaged. The plaintiff discharged a part of the loss, but the sole right to sue still remained in Ogburn. The plaintiff had the legal right to demand that the insured assert its claim against the wrongdoer and to hold in trust for it so much of the recovery as was required to reimburse it for the amount paid. In the event the insured refused to prosecute its claim, the insurer could sue both the insured and the wrongdoer.

In denying the motion to amend the complaint by inserting a new party who had the sole right to assert the cause of action against the wrongdoer, the trial court followed the decisions of this Court. The judgment dismissing the action is

Affirmed.