**Richard D. CLEAVES, Plaintiff,**

v.

**Joseph DE LAUDER and Herman L. Kemphfer, Defendants.**

**Civ. A. No. C–67–77–E.**

United States District Court
N. D. West Virginia.

July 31, 1969.

James T. Dailey, Jr., Kingwood, W. Va., for plaintiff.

Alfred J. Lemley, Fairmont, W. Va., for defendants.

MEMORANDUM

MAXWELL, District Judge.

This action arises out of an automobile collision which occurred in Preston County, West Virginia, on December 23, 1965. The plaintiff, a citizen of Virginia, was driving his automobile west on U.S. Route 50 near the village of Aurora, and the defendant Kemphfer was driving an automobile owned by the defendant De Lauder, both citizens of West Virginia, in which DeLauder was a passenger.

As a result of the accident, Cleaves filed suit against the defendants seeking damages for personal injuries, medical expenses, loss of income, and loss of personal property, all in the amount of $50,000. The jurisdiction of this Court was invoked under Title 28, Section 1332, United States Code.

The defendants have filed a motion to join the plaintiff's collision insurer, The Employer's Group of Insurance Companies, as a party plaintiff under Rules 17 and 19 of the Federal Rules of Civil Procedure contending that it is an indispensable party. The plaintiff resists this motion.

The factual situation giving rise to this motion is that plaintiff Cleaves was covered by a $100 deductible collision insurance policy with the Employer's Group. Pursuant to that policy, plaintiff was paid $1,340.00 for the damage to his 1957 Chevrolet automobile caused by this accident. The plaintiff, in his complaint, seeks damages done to his car. Defendants contend that since the Employer's Group is now subrogated to its insured's rights, it is a "real party in interest" under Rule 17(a) and must be joined by a Rule 19 motion.

In furtherance of this motion the defendants argue (1) joinder of the Employer's Group will not deprive this Court of jurisdiction, (2) it is subject to service of process issuing from this Court, (3) complete relief cannot be had without such joinder, and (4) failure to join the carrier will subject the defendants to a substantial risk of double liability.

Resisting the motion, plaintiff argues that (1) the carrier is not an indispensable party under Rule 19 but at best a necessary one which need not be joined, (2) the entire claim or cause of action is before the Court, (3) all the parties are aware of the subrogee's rights, (4) there is no risk of multiple liability, and (5) the reason for the motion is to subtly inform a jury that the plaintiff has an interest parallel to an insurance company and thereby reduce the ultimate recovery.

Since this action is founded upon diversity of citizenship this Court must look to state law where substantive law questions are involved and to federal law for those of a procedural nature. Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The Court is confronted at the outset with the question whether the issue at bar is substantive or procedural. It appears settled beyond controversy that where the substance/procedure distinction is important (diversity actions), the state substantive law determines the nature of the interest sought to be enforced while the Federal Rules control the procedural aspects of the litigation. Osborne v. Campbell, 37 F.R.D. 339 (S.D.W.Va.1965); 2 Barron & Holtzoff § 482 (Wright ed. 1961); Hayhurst v. Henry, 102 F.Supp. 306 (N.D.Texas 1951); Annot. 13 A.L.R.3d 140, 151 (1967); and Lavine & Horning, Manual of Federal Practice, § 3.107 (1967).

The first inquiry to determine here is the nature of a partial subrogee's right under the laws of West Virginia. Davidson's, Inc. v. Scott, 149 W.Va. 470, 140 S.E.2d 807 (1965) is factually on point. The defense moved that plaintiff's carrier in this property damage action be joined as a plaintiff under Rule 17, West Virginia Rules of Civil Procedure. It was argued that they were the real parties in interest due to their subrogation

right. The trial court overruled the motion and on appeal this ruling apparently was not attacked. In State Farm Mutual Automobile Insurance Co. v. De-Wees, 143 W.Va. 75, 101 S.E.2d 273 (1957), the Supreme Court of Appeals of West Virginia held that a claim for personal injuries and property damage could not be split. Therefore, where the insured brought suit for personal injuries but neglected to sue for companion property damage, his carrier which was subrogated to his rights against the tortfeasor by virtue of a prior payment, was barred from maintaining a later suit to recover the property damage. At page 277, the court said, "By the very nature of the law governing subrogation, the insured having no right to the claim asserted in the second action at law, there is no debt or obligation due to the insurer from the alleged tortfeasors; and, therefore no basis upon which the purely equitable doctrine of subrogation may be asserted." See also Southern Bell Telephone & Telegraph Co. v. Watts, 66 F. 460 (4th Cir. 1895).

West Virginia appears to follow what is said to be the majority rule.

"Under statutes providing that every action must be prosecuted in the name of the real party in interest, it is generally held that if the insurance paid by an insurer covers only a portion of the loss, the insurer is not the real party in interest, but rather, the right of action against the wrongdoer who caused the loss remains in the insured for the entire loss, and the action must be brought by him in his own name. This rule has been said to rest upon the theory that the insured sustains toward the insurer the relation of trustee, and also upon the right of the wrongdoer not to have the cause of action against him split up so that he is compelled to defend two actions for the same wrong." [29A Am.Jur. § 1746, at 821–822.

See also Annot. 157 A.L.R. 1242 (1945); Annot. 96 A.L.R. 864 (1935); and Southern Bell Telephone & Telegraph Co. v. Watts, 66 F. 469 (4th Cir. 1895)].

■ Therefore, a West Virginia court dealing with a partial subrogee would treat him as one with only a contingent interest in the litigation and not one in whose name an action could be prosecuted. This is the nature of the interest held by The Employer's Group here and by which this Court is bound.

■ The next step is to determine whether one with an interest of this nature is a "real party in interest" as used in Rule 17(a) of the Federal Rules of Civil Procedure. This question must be answered in the negative.

The Employer's Group under the circumstances here could not maintain an action in its own name in a state court and under the dictates of *Erie R.R.*, supra, this Court may not elevate the partial subrogee's interest above that given by state law.

Nor should joinder of partial subrogee be compelled by this Court under Rule 19. The status of the parties and their interests are not such that the joinder of the Employer's Group is required for a just adjudication. Without the joinder of the Employer's Group, complete relief can be accorded among all the parties, the entire claim is before the Court, there is no risk of multiple liability, and all interested parties now without reservation have actual notice of the Employer's Group's subrogation interest. If plaintiff should obtain judgment against defendants, all contractual subrogation interests can be brought before the Court and properly protected.

The motion to join the Employer's Group of Insurance Companies will therefore be denied by an appropriate order to be entered in this civil action.