342 S.E.2d 245

**CAPITOL FUELS, INC.**

v.

**CLARK EQUIPMENT CO.**

**WRIGHT–THOMAS EQUIPMENT COMPANY**

v.

**GOULD, INC.**

**No. CC949.**

Supreme Court of Appeals of West Virginia.

April 3, 1986.

---

Hurt & Carrico, Charles E. Hurt, Charleston, for appellant.

Kay, Casto & Chaney, Jeffrey M. Wakefield, Charleston, for Clark Equipment Co.

McGRAW, Justice:

The Honorable A. Andrew MacQueen of the Thirteenth Judicial Circuit entered an order in this action certifying the following question to this Court:

Where an insurance company under the provisions of a policy issued to its insured, compensates its insured in part for a loss and has the right under the subrogation provisions of its policy to bring an action either in its name or in the name of its insured, and the insured institutes an action in which it seeks to recover for damages allegedly caused by the defendants, the amount of the damages sought including the subrogation interests of the insured, must the insurance company be added as a party plaintiff under Rule 17(a) of the West Virginia Rules of Civil Procedure for Trial Courts of Record as "real party in interest[?]"

After careful consideration, we respond to this certified question in the negative.

The pertinent facts of this proceeding are not in dispute. Capitol Fuels, Inc., plaintiff below, purchased a tractor-shovel manufactured by Clark Equipment Co., defendant and third-party plaintiff below, from the Wright-Thomas Equipment Co., defendant and third-party plaintiff below. Several years later, the tractor-shovel was destroyed by fire determined by Federal Mine Safety and Health Administration officials to have been caused by the rupture of a high pressure hydraulic hose manufactured by Gould, Inc., third-party defendant below.

Capitol Fuels had insured this machine with the Zurich Insurance Company, but contends that its value exceeded the amount of the insurance coverage. This certified question arose following submission of a motion to dismiss by Wright-Thomas asserting, *inter alia*, failure to name the Zurich Insurance Company as a plaintiff under the "real party in interest" provision of Rule 17(a) of the West Virginia Rules of Civil Procedure.

Rule 17(a) of the West Virginia Rules of Civil Procedure provides, in relevant part, that, "Every action shall be prosecuted in the name of the real party in interest." In Syllabus Point 2 of *Housing Authority v. E.T. Boggess, Architect, Inc.*, 160 W. Va. 303, 233 S.E.2d 740 (1977), this Court held that, "Under Rule 17, W.Va.R.C.P., it is not a plaintiff's responsibility, under pain of

dismissal, to bring in every party who might have a substantive law right against the defendant. It is sufficient Rule 17 compliance if the plaintiff has a substantive right to sue." This Court noted with disapproval in *Housing Authority v. E.T. Boggess, Architect, Inc.*, 160 W. Va. at 310, 233 S.E.2d at 744, the practice of resorting to Rule 17 to prevent the prosecution of claims:

> We find that Rule 17 has, properly, no function of protecting defendants from claims by other real parties in interest. We think Rule 17 would be more clearly perceived if it read, "every action shall be prosecuted in the name of a real party in interest." ... Rule 17 should not be used to do Rule 19 work.

The defendants below rely heavily upon the decision of the United States Supreme Court in *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). The issue presented in *Aetna* was, "May an insurance company bring suit in its own name against the United States upon a claim to which it has become subrogated by payment to an insured who would have been able to bring such action?" 338 U.S. at 367–68, 70 S.Ct. at 208–09, 94 L.Ed. at 178. In response to this issue, the Court observed:

> Rule 17(a) of the Federal Rules of Civil Procedure ... provides that "Every action shall be prosecuted in the name of the real party in interest," and of course an insurer-subrogee, who has substantive equitable rights, qualifies as such. If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore, Federal Practice 2d ed p. 1339. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

338 U.S. at 380–81, 70 S.Ct. at 215, 94 L.Ed. at 185 (Footnote omitted).

With respect to the interpretation of the Court's decision in *Aetna* at the federal level, it has been noted that:

> The question in whose name an action should be prosecuted in a federal court against an alleged tortfeasor for damage or injury where the insurer has paid a part of the loss is determined under Federal Rules of Civil Procedure, Rules 17(a) and 19. It has generally been held by the federal courts that in such case both the insured and the insurer are real parties in interest, that both are "proper" and "necessary" parties but neither is an "indispensable" party, and that an action against the tortfeasor for the whole loss may be prosecuted either by the insured and his insurer jointly or by the insured alone, and that either the insured or the insurer may sue separately in his own name for his portion of the loss; but the question of whether, in an action instituted by the insured alone or by the insurer alone, the defendant can compel joinder of the other, has resulted in conflicting answers.

44 Am.Jur.2d *Insurance* § 1828, at 818–19 (1982) (Footnotes omitted).

The source of confusion with respect to this final issue is rooted in the following passage from the Court's opinion in *Aetna*, 338 U.S. at 381–82, 70 S.Ct. at 215–16, 94 L.Ed. at 185–86:

> [I]n cases of partial subrogation ... both insured and insurer "own" portions of the substantive right and should appear in litigation in their own names.
>
> Although either party may sue, the United States, upon timely motion, may compel their joinder. *Delaware County v. Diebold Safe & Lock Co.*, 133 U.S. 473, 488, 10 S.Ct. 399, 403, 33 L.Ed. 674, 680 (1890) (applying state code under the Conformity Act). 3 Moore, Federal Practice 2d ed p 1348. Both are "necessary" parties. Rule 19(b), Federal Rules of Civil Procedure. [Footnotes omitted].

*See* Annot., 13 A.L.R.3d 140, 156 (1967) ("[T]he conflict in principle grows out of the broad and unqualified statement in some cases that where an action against an alleged tortfeasor is instituted either by the insured in his name alone or by the insurer-partial subrogee in its name alone, upon

timely motion the defendant may compel their joinder.").

At the time of the Court's decision in *Aetna,* Rule 19 of the Federal Rules of Civil Procedure provided, in relevant part, that "persons having a joint interest shall be made parties." As the Fifth Circuit noted in *Dudley v. Smith,* 504 F.2d 979, 983 n. 4 (5th Cir.1974), "Before the 1966 amendments, Rule 19(a) classified parties to be joined, i.e., 'persons having a joint interest,' as 'necessary' or 'indispensable.' The Court in *Aetna* placed the unjoined insureds in the 'necessary party' category, and as a result, viewed their joinder as compulsory. 338 U.S. at 382, 70 S.Ct. at 216, 94 L.Ed. at 186." "The rigid classifications of former Rule 19(a)," however, noted the Fifth Circuit in *Dudley v. Smith,* 504 F.2d at 983 n. 5, "were abandoned in 1966 in favor of a more flexible description of parties for which joinder would be 'desirable.' Rule 19, F.R.Civ.P., Advisory Comm. Note, 39 F.R.D. 89, 91. Joinder is compulsory only where the facts fit within one of the Rule 19(a) premises. *Id.* at 92–92." Rule 19(a) of the Federal Rules of Civil Procedure now provides, in relevant part, that:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

In 1978, Rule 19(a) of the West Virginia Rules of Civil Procedure was amended to conform to the federal rule. Commentary accompanying the 1978 revision echoed the sentiment of the Fifth Circuit's interpretation of the federal amendment: "The amendment attempts to lay down particular guidelines for joinder of parties, and at the same time provide more flexibility in joinder by abolishing the concept of the 'indispensable party.'" As one commentator has noted:

The 1978 amendment to Rule 19 increases the flexibility of the trial court in dealing with the compulsory joinder of parties. Under this amended provision, a person who is within the jurisdiction of the trial court and is subject to service of process, is to be joined as a party in several situations. First, a person is to be joined as a party to a pending action where complete relief cannot be granted by the court in his or her absence. Second, a person is to be joined if he or she claims an interest in the subject matter of the action that will be impaired as a result of the action. Finally, an absent person is to be joined if failure to do so subjects those already parties to a risk of incurring multiple liability. These situations identify those who are "persons to be joined if feasible."

D. Olson, *Modern Civil Practice in West Virginia* § 5.9, at 207 (1984) (Footnote omitted).

Recently, in *Wachter v. Dostert,* 172 W.Va. 93, 303 S.E.2d 731, 733 (1983), this Court observed that:

Despite the statements by one commentator that "[t]he principles developed prior to the 1966 revision are still applicable under the revised Rule," 3A J. Moore, W. Taggart, & J. Wicker, Moore's Federal Practice § 19.07[2] (2d ed. 1982), it does appear that there has been a shift in emphasis by the federal courts since the 1966 Amendments to the federal rule. The test has become less scholastic in the sense of trying to define who is an indispensable party. Instead, under the amended rule, the emphasis is placed on the question of whether the case can be equitably prosecuted in the absence of a missing party. If so, there is no reason to join the party or to dismiss the action. [Footnote omitted].

Previously, the hurdle to be cleared in compelling the joinder of a party under Rule

19(a) was whether the individual sought to be joined had a "joint interest" with one of the existing parties to the litigation. Having concluded that partially subrogated insurers' were real parties in interest under Rule 17(a), it naturally followed that the Court in *Aetna* classified them as "necessary" parties under Rule 19. Currently, a two-prong test is utilized for determining the applicability of compulsory joinder under Rule 19(a). As this Court held in the single Syllabus of *Wachter v. Dostert, supra:*

> Rule 19(a) of the West Virginia Rules of Civil Procedure requires two general inquiries for joinder of a person who is subject to service of process. First, is his presence necessary to give complete relief to those already parties? Second, does he have a claim that, if he is not joined, will be impaired or will his nonjoinder result in subjecting the existing parties to a substantial risk of multiple or inconsistent obligations? If the absent person meets the foregoing test, his joinder is required. However, in the event that the absent person cannot be joined, the suit should be dismissed only if the court concludes that the 19(b) criteria cannot be met.

Thus, after amendment to Rule 19(a), the three alternative threshold areas of inquiry are (1) whether complete relief to the existing parties can be granted in the absence of the individual sought to be joined; (2) whether nonjoinder will impair protection of an individual's interest in the subject litigation; or, (3) whether nonjoinder will create a substantial risk of multiple litigation. Even under the current version of Rule 19(a), compulsory joinder of insureds, as in *Aetna,* in actions brought by their partially subrogated insurers, would be mandated. As noted by the Fifth Circuit in *Dudley v. Smith,* 504 F.2d at 983:

> Three of the plaintiffs in *Aetna* were insurers proceeding as partial subrogees and, as to them, the Court stated that the joinder of their respective insureds could be compelled under Rule 19(a) of the Federal Rules of Civil Procedure as the rule then existed. Rule 19(a) as amended in 1966 provides for joinder where there

is a substantial risk of the defendant being subjected to a multiplicity of suits. *See* Rule 19(a)(2)(ii), F.R.Civ.P. The facts of *Aetna* as to the partial subrogee plaintiffs fit well into this portion of the amended rule. [Footnotes omitted].

"Where the suit is by the insured ... for the full amount of the loss," however, as the Fifth Circuit noted in *Dudley v. Smith,* 504 F.2d at 983, "the requirements of Rule 19(a)" are simply not met.

In addition to the Fifth Circuit, the rule that joinder of partially subrogated insurers can be compelled under Rule 19(a) has been rejected by the Ninth Circuit in *Glacier General Assurance Co. v. G. Gordon Symons Co.,* 631 F.2d 131, 134–35 (9th Cir.1980), which said that:

> We hold that the [partially subrogated] reinsurers are not necessary parties under this [Rule 19(a) ] standard. The district court granted complete relief among the parties. Disposition of this action in the absence of the reinsurers will not impair or impede their ability to protect their interests because [the partial subrogor insurer's] recovery is impressed with a trust for the reinsurers in the amounts they are entitled to receive by principles of subrogation.... Finally, [the defendants] are protected from future actions by the reinsurers.... Where, as here, a plaintiff brings a suit for an entire claim even though the plaintiff's insurance company has partially reimbursed the loss, the insurance company is not a necessary party.

Several federal district courts have also held that although a partially subrogated insurer is a real party in interest under Rule 17(a), joinder cannot be compelled under Rule 19(a). For example, in *Braniff Airways, Inc. v. Falkingham,* 20 F.R.D. 141, 144 (D.Minn.1957), the court distinguished *Aetna* as follows:

> *[T]he issue of compelling the joinder as a party plaintiff of a partial insurer subrogee in a suit brought by the insured alone to recover the full loss was not before the Court [in Aetna].* The distinction is important because when partial insurer subrogees bring suit and

other insurer subrogees and the insured are not joined, there is the possibility of a multiplicity of suits being brought against the defendant and the compulsory joinder of all of them is required to avoid such an occurrence and to settle the controversy between them in one lawsuit, *but when the insured brings suit alone, to recover for the whole loss, the controversy can be adjudicated completely and finally without the joinder of the insurer subrogees, and the defendant will have only one lawsuit to defend....* It is not unlikely, therefore, that the Supreme Court was speaking of the insurer subrogees and the insured being necessary parties only in the situation where suit has been brought by an insurer subrogee for only part of the loss and that its statement was not intended to apply to the situation where the insured has brought suit to recover the full loss, a situation which the Court did not have before it.

*See also Prudential Lines, Inc. v. General Tire International Co.,* 74 F.R.D. 474, 475–76 (S.D.N.Y.1977); *White Hall Building Corp. v. Profexray Division of Litton Industries, Inc.,* 387 F.Supp. 1202, 1207 (E.D.Pa.1974) *aff'd,* 578 F.2d 1377 (3d Cir. 1978); *Wright v. Schebler Co.,* 37 F.R.D. 319, 321–22 (S.D. Iowa 1965).

A number of state courts which have addressed the issue under "real party in interest" rules or statutes have also held that joinder of partially subrogated insurers in actions brought by insureds for the whole loss is not required. For example, in Syllabus Point 4 of *Thompson v. James,* 3 Kan.App.2d 499, 597 P.2d 259 (1979), the court held that:

When a loss is fully paid by an insurer and the insurer becomes subrogated to all rights of the insured, the right of action against the wrongdoer vests wholly in the insurer. When the owner's loss has been only partially satisfied by insurance, the insured is a proper party to bring suit for the deficiency. It is the *total* loss resulting from the accident, not the loss covered by insurance, which determines whether an insured remains a real party in interest after having been compensated by the insurer.

Similarly, in the single Syllabus of *Vantine Paint & Glass Co. v. Kudrna,* 194 N.W.2d 760 (N.D.1972), the North Dakota Supreme Court held that, "Rule 17(a), North Dakota Rules of Civil Procedure, which requires that every action be prosecuted in the name of the real party in interest, is complied with where an action is brought against a tort-feasor in the name of an insured who has been paid by an insurer for only a portion of his loss." One rationale, among others, often advanced in support of this rule was expressed in Syllabus Point 5 of the opinion by the Nebraska Supreme Court in *Krause v. State Farm Mutual Automobile Ins. Co.,* 184 Neb. 588, 169 N.W.2d 601 (1969), "If the property loss is greater than the amount of insurance paid the action should be in the name of the insured, and the insured holds as much of the judgment recovered as the money paid by the insurer amounts to, in trust for the insurer." *See also* Syl. pt. 1, *Ellsaesser v. Mid-Continent Cas. Co.,* 195 Kan. 117, 403 P.2d 185 (1965); *Hardware Dealers Mutual Fire Ins. Co. v. Sheek,* 272 N.C. 484, 487, 158 S.E.2d 635, 637 (1968).

Without question, appellate courts at both the federal and state levels have held that partially subrogated insurers as real parties in interest should be joined in actions brought by insureds for the total amount of the loss involved. *See Travelers Ins. Co. v. Riggs,* 671 F.2d 810, 813 (4th Cir.1982); *Garcia v. Hall,* 624 F.2d 150, 152 (10th Cir.1980); *Wadsworth v. United Postal Service,* 511 F.2d 64, 67 (7th Cir. 1975); *Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508, 513 (6th Cir. 1974); *National Garment Co. v. New York, Chi. & St. Louis R.R. Co.,* 173 F.2d 32, 34–35 (8th Cir.1949); *Roberts v. Hughes,* 432 So.2d 1232, 1233 (Ala.1983); *Truckweld Equipment Co. v. Swenson Trucking & Excavating, Inc.,* 649 P.2d 234, 238 (Alaska 1982); *Louisville & N.R. Co.,* 269 S.W.2d 707, 710 (Ky.Ct.App.1954); *Bergh v. Rogers,* 167 Mont. 243, 244–45, 536 P.2d 1190, 1191–92 (1973); *Security Fire & Idem. Co. v. Barnhardt,* 267 N.C. 302, 304, 148 S.E.2d 117, 119 (1966);

*Laushway v. Slate*, 238 Or. 352, 355, 395 P.2d 110, 111 (1964); *Carle v. Earth Stove, Inc.*, 35 Wash.App. 904, 908, 670 P.2d 1086, 1089 (1983). We believe, however, in light of amendment to Rule 19(a) as previously discussed and our prior case law, a contrary result is more consistent with the true interests involved.

Quite often, those courts which hold that partially subrogated insurers may be joined in actions brought by insureds for the total amount of the loss advance the rationale that such rule is necessary to prevent splitting a single cause of action into a multiplicity of suits. This Court held, however, in *State Farm Mut. Auto. Ins. Co. v. DeWees*, 143 W.Va. 75, 82, 101 S.E.2d 273, 277 (1957):

> A clause providing for subrogation in an insurance policy simply places insurer, so far as the right of subrogation is concerned, against the debtor or alleged tort-feasor, in the place of the insured. As the insured here ... instituted two actions at law, the first to assert damages for personal injuries, and the second to assert property damages, not asserted in the first action, the latter action is barred; and, by the same token, the person liable has no obligation or debt to the insurer.

Thus, under *DeWees*, splitting a cause of action between a partial subrogee insurer and a partial subrogor insured would be prohibited since the partial subrogee insurer's interest is inseparable from the partial subrogor insured's interest.

Additionally, this Court can perceive no principled distinction between joinder of a plaintiff's partially subrogated insurer and joinder of a defendant's partially subrogated insurer. Recently, in Syllabus Point 1 of *Davis v. Robertson*, 175 W.Va. 364, 332 S.E.2d 819 (1985), this Court held that, "An injured plaintiff may not join the defendant's insurance carrier in a suit for damages filed against the defendant arising from a motor vehicle accident, unless the insurance policy or a statute authorizes such direct action." In support of this rule, this Court observed in *Davis v. Robertson*, 175 W.Va. at ——, 332 S.E.2d at 823–24, that:

It has long been our policy in this State to avoid the unnecessary mention of insurance coverage at trial because of its possibly prejudicial effect on the jury's verdict. *Coffindaffer v. Coffindaffer*, 161 W.Va. 557, 244 S.E.2d 338 (1978); *Leftwich v. Wesco Corp.*, 146 W.Va. 196, 119 S.E.2d 401 (1961), *overruled on other grounds, Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979). Allowing routine joinder of insurance companies in motor vehicle accident cases would necessarily inject the insurance issue in all such cases. [Footnote omitted].

In dissenting to a holding by the District of Columbia Circuit that when an insurer whose liability is absolute settles a claim by execution of a loan agreement, the insurer remains a real party in interest whose joinder may be compelled under Rule 17(a) of the Federal Rules of Civil Procedure, Chief Justice Warren E. Burger, then a District of Columbia Circuit Judge, perceptively observed that:

> The practical outlines of this litigation and the question for determination must be looked at: The defendant in this action for damages would prefer to have the jurors know that the contest was between an insurance company and the defendant store rather than between two private litigants. And of course this is why the insurer for its interests wants to keep "out of sight." I can see no compelling reason of public policy or of common sense for failing to give effect to the agreements of the parties. It seems to me that there may well be some public policy served in having the triers decide the issues uninfluenced by the circumstance that "a large insurance company" will pay the bill.
>
> \* \* \* \* \* \*
>
> Defendant-appellant would prefer to be sued by a named insurance company so that a jury verdict might be moderated by the realization that the injured plaintiff has coverage for his losses. This motivation seems hardly more worthy than the insurer's motive in suing in the insured's name so that its recovery will

not be improperly minimized when the jury takes cognizance of the fact that an insurance company is suing to recover the losses in question.

*City Stores Co. v. Lerner Shops of District of Columbia, Inc.,* 410 F.2d 1010, 1015–16 (D.C.Cir.1969) (Burger, J., dissenting).

For the foregoing reasons, we hold that joinder of a partially subrogated insurer as a "real party in interest" under Rule 17(a) of the West Virginia Rules of Civil Procedure in a suit brought by an insured for the total loss may not be compelled under Rule 19(a) of the West Virginia Rules of Civil Procedure, and remand this case for disposition consistent with this opinion.

Certified question answered.

Case remanded for disposition.