946 F.2d 886
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Orville R. THOMAS, Plaintiff-Appellee,
v.
CAPITOL FUELS, INCORPORATED, a West Virginia corporation,
Defendant-Appellant,
Zurich Insurance Company, Appellant,
and
A.J. Frederick; G.B. Frederick, Defendants.
 No. 90-3193.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1991.
Decided Oct. 18, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Dennis Raymond Knapp, Senior District Judge. (CA-84-2311-2)
 Argued: Charles Edward Hurt, Charleston, W.V., for appellants; Gerard Ray Stowers, Bowles, Rice, McDavid, Graff & Love, Charleston, W.V., for appellees.
 On Brief: Raymond G. Dodson, Dodson, Riccardi & Lutz, Charleston, W.V., for appellees.
 S.D.W.Va.
 REVERSED AND REMANDED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In this appeal, Zurich Insurance Company (Zurich) and Charles E. Hurt, Attorney, seek to establish their prior right to certain funds recovered in an action by Capitol Fuels, Inc. against Wright-Thomas Equipment Company, a corporation (Wright-Thomas) and Clark Equipment Company (Clark Equipment).
 
 
 2
 On August 6, 1979, an endloader owned by Capitol Fuels was destroyed by fire. Zurich, Capitol's insurer, paid the loss, minus the deductible, and under the terms of the policy became subrogated to the rights, title and interest in the property for which claim was being made, and the company agreed to render every possible assistance in an action for recovery. After payment of the loss, Zurich, with the agreement of Capitol Fuels, retained Hurt to represent the interest of Zurich and Capitol Fuels in an action against Clark Equipment and Wright-Thomas. He instituted suit in Kanawha County Court against said parties and recovered a judgment with accumulated interest for $140,022.95. On appeal, the judgment was affirmed. Subsequent thereto, on motion of Zurich, the Circuit Court made a determination that Zurich had a right to and interest in ninety-four (94%) percent of the judgment and Capitol Fuels to six (6%) percent. Thomas challenges the jurisdiction of the state court to make that determination, asserting the state court lacked jurisdiction because the judgment had already become final. A deposit of $178,409.42 plus $1,150.00 additional costs, was made to the Clerk of the Kanawha County Court to be held to satisfy such judgment.
 
 
 3
 While the action was pending in the state court, Orville R. Thomas, as sole stockholder of Wright-Thomas, pursuant to notice, dissolved Wright-Thomas and became its "liquidator." As liquidator, he instituted an action on an unpaid account and a promissory note against A.J. and G.B. Frederick and Capitol Fuels in the United States District Court for the Southern District of West Virginia and recovered a judgment against them for some $863,462.50. Thereafter, Orville Thomas, as "liquidator," instituted garnishment proceedings in the Northern District of Indiana against Capitol Fuels. That action was transferred to the United States District Court for the Southern District of West Virginia and garnishment served against said funds.
 
 
 4
 Thomas asserted that his judgment and garnishment against Capitol Fuels was a first lien against any sums due Capitol Fuels and had priority over any subrogation claim of Zurich, or of Hurt for attorney fees. Secondly, he asserted that the action of the state court in declaring that Zurich was entitled to ninety-four (94%) percent of the recovery and Capitol Fuels to six (6%) percent was void. We do not reach this issue. Zurich and Hurt asserted they have a prior lien on the funds.
 
 
 5
 On motions for summary judgment by Zurich and Capitol Fuels on the one hand, and by Orville Thomas on the other, the district court granted the motion of Orville Thomas and denied the motion of Zurich and Hurt.
 
 
 6
 In disallowing the claim of Zurich, the district court held that a partial subrogee's right to subrogation does not arise until the entire debt has been paid, and since the entire debt had not been paid, Zurich's claim did not take priority over the garnishment. This has been held to be a correct application of the doctrine as applied to the right to be subrogated to the rights or securities of a creditor. Formerly, the right of subrogation was limited to transactions between principals and sureties, and until the debt was paid in full, there could be no interference with the creditor's rights or the securities held by the creditor because such might interfere with his collection of the balance due on the debt. See 73 Am.Jur.2nd, Subrogation, § 30, pages 617-618. Such a principle usually applies to subrogation by operation of law, but "where there is a conventional subrogation, resulting from an express agreement with the creditor, it is no objection that it extends to a part only of the debt or security." Id., par. 33, page 620. The "right of subrogation can either be modified or extinguished through express contractual language." Ray v. Donohew, 352 S.E.2d 729, 738 (W.Va.1986).
 
 
 7
 "There is nothing inherently insidious about the word 'subrogation'." Travelers Indemnity Company v. Rader, 166 S.E.2d 157, 161 (W.Va.1969). It is "an equitable right which arises out of the facts and which entitles the subrogee to collect that which he has advanced." Id., p. 160. Being a creature of equity, it has for its purpose the working out of equitable adjustments so that a wrongdoer who is legally responsible for the harm should not receive a windfall of being absolved from liability because the insured had had the foresight to obtain insurance for his protection, and since "the insured has already been paid for his harm, the liability of the third person should now inure to the benefit of the insurer." Id., p. 160. "Subrogation serves to limit the chance of double recovery or windfall to the insured, and, when exercised, tends to place the primary liability upon the tortfeasor, where it belongs." Id. p. 160.
 
 
 8
 Though the question of whether Zurich was a necessary party to the action against Clark Equipment and Wright-Thomas was raised in the state court and appealed, the West Virginia Supreme Court of Appeals in Capitol Fuels, Inc. v. Clark Equip. Co., 342 S.E.2d 245 (W.Va.1986), held the action could be prosecuted solely in the name of Capitol Fuels. In their decision, the court made it clear that absence of the insurer as a party would not impair or impede the ability of the partially subrogated insurer to protect its interest because "recovery is impressed with a trust for the insurer (reinsurer) in the amount it is [they are] entitled to receive by principles of subrogation." Further, the court there quoted from the case of State Farm Mut. Auto Ins. Co. v. DeWees, 143 W.Va. 75, 82, 101 S.E.2d 273, 277 (1957):
 
 
 9
 A clause providing for subrogation in an insurance policy simply places insurer, so far as the right of subrogation is concerned, against the debtor or alleged tort-feasor, in the place of the insured.
 
 
 10
 342 S.E.2d at 250.
 
 
 11
 It was perfectly well known to all parties concerned that the action was being prosecuted by Zurich in the name of Capitol Fuels to recover the value of the property lost in the fire, and that such action was on behalf of itself and Capitol Fuels. Though the action was prosecuted in the name of Capitol Fuels, it was clear the majority of the recovery was for the benefit of Zurich and that the "recovery is impressed with a trust for the insurer [reinsurer] in the amount it was [they were] entitled to receive by principles of subrogation."
 
 
 12
 The order of the district court granting summary judgment to Orville Thomas is reversed and the case remanded to the district court with direction to determine how the proceeds should be distributed consistent with our conclusions that Zurich and Hurt are entitled to recover.
 
 
 13
 REVERSED AND REMANDED.