**ANGLO CANADIAN SHIPPING CO., Ltd. et al., Petitioners,**

v.

**UNITED STATES of America and Federal Maritime Board, Respondents.**

No. 15241.

United States Court of Appeals Ninth Circuit.

Oct. 25, 1956.

Graham, James & Rolph, San Francisco, Cal., for appellants.

Edward D. Ransom, Gen. Counsel, Federal Maritime Bd., Washington, D. C., John T. Halen, Federal Maritime Bd., San Francisco, Cal., for appellees.

Before STEPHENS and POPE, Circuit Judges, and HALBERT, District Judge.

POPE, Circuit Judge.

Respondent moved to dismiss the petition which is one filed here pursuant to Title 5 U.S.C.A. § 1034 for the purpose of reviewing an order of the Federal Maritime Board. Under § 1033 of that Title, which is part of Chapter 19(a) enacted

December 29, 1950, 64 Stat. 1129, "The venue of any proceeding under this chapter shall be in the judicial circuit wherein is the residence of the party or any of the parties filing the petition for review, or wherein such party or any of such parties has its principal office, or in the United States Court of Appeals for the District of Columbia." The motion is based upon respondents' assertion that the named petitioners, some 23 steamship or shipping companies, are either corporations, none of whom are incorporated in any state in this circuit, or partnerships, none of whose partners reside in this circuit.

The report of the Board, whose decision is sought to be reviewed here, discloses that the proceeding which resulted in that report was instituted by the filing of complaints by Mitsui Steamship Co., Ltd., and others, "against the member lines of the Pacific Coast European Conference * * * alleging violations of the Shipping Act, 1916". The operative portion of the Board's order recites: "It is ordered that the Pacific Coast European Conference and its members, as named in Appendix A hereto, cease and desist from effectuating any interpretation of said conference's shippers' rate agreement inconsistent with the interpretation set forth in the report herein." The members named in the appendix referred to in the order and there described as "regular members" of the Conference are the petitioners here.[1]

It does not appear to be questioned but that the Conference, as such, would be a party aggrieved by the order, and it is admitted that it has its principal office in this circuit. Although an unincorporated association, its capacity to sue or to petition for review of an administrative order can hardly be questioned. Cf. Rule 17(b) F.R.C.P., 28 U.S.C.A., and Title 5 U.S.C.A. § 1001(b).

Petitioners assert that since all of the named regular members of the Con-

ference referred to in the Board's order have filed the petition here, in substance the Conference itself is a petitioner as well as its members. However, upon argument of the motion here, counsel for the petitioners requested leave to amend their petition by inserting after the names of the petitioning steamship or shipping companies, the name of "Pacific Coast European Conference" so that the Conference would be expressly named as one of the petitioners. The motion for leave to amend the petition is granted.

Following submission of this matter counsel for the Board have filed a memorandum asserting that the motion to amend could only be made in writing under a local rule of this court. We think that rule not applicable to this situation, but in any event the amendment proposed was on the court's suggestion, and the amendment, under Rule 21 F.R.Civ. P. is one which may be allowed by the court "of its own initiative".

The rules of this court provide that the Federal Rules of Civil Procedure, whenever applicable, are hereby adopted as part of the rules of this Court. The amendment here allowed would appear to be an appropriate one under Rule 15, relating to amendments generally, and Rule 21, relating to the addition of parties by order of court. The latter rule was invoked in Mullaney v. Anderson, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458, where a possibly necessary party was added after the case reached the Supreme Court.

Since the petition still relates to the same conduct, transaction or occurrence set forth in the original pleading, the amendment should relate back to the date of the petition under Rule 15(c).

It is suggested that the petition, as originally filed, was defective in failing to show proper venue in this court, and it is said that this is a jurisdictional defect. Defective allegations of jurisdic-

---

[1]. The appendix includes the name of American President Lines, Ltd., described as "an associate member of said Conference". It is not a petitioner here.

tion may be amended at any time. Title 28 U.S.C.A. § 1653.

This disposition of the case renders it unnecessary for us to consider the very doubtful question as to whether we have power to transfer the proceeding to the District of Columbia Circuit under § 1406(a) of Title 28.

The motion to dismiss the petition is denied. The respondents are granted 15 days in addition to the time fixed by the rules of this court within which to file the transcript of the record. Attention is directed to the amendment of the Rule 34 made by this court and approved by the Judicial Conference of the United States in September, 1955.