G. Martin **BLAKELY** et al., Plaintiffs,

v.

Philip J. **LISAC** et al., Defendants.

Civ. No. 70–377.

United States District Court, D. Oregon.

Jan. 3, 1973.

Henry A. Carey, Jr., Carey & Stoll, Portland, Or., for plaintiffs.

Barnes H. Ellis, Henry H. Hewitt, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for defendant Philip J. Lisac.

Roger Tilbury and Theodore S. Bloom, Portland, Or., for defendant Joseph M. Schmitz.

Frank J. Van Dyke, Van Dyke, DuBay & Robertson, Medford, Or., for defendant Ralph M. Cook.

Deich, Deich & Hinton, Portland, Or., for defendants Ralph M. Cook and James C. Youde.

Roland F. Banks, Jr., Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for defendants Robert N. Gygi and Bruce Engel.

Robert L. Myers, Shuler, Rankin, Myers & Walsh, Portland, Or., for defendant June S. Jones Co.

Alfred H. Stoloff, James K. Buell, Phillips, Coughlin, Buell & Phillips, Portland, Or., for defendant Howard Cheifetz.

James H. Jordan, Weatherford, Thompson, Horton & Jordan, Albany, Or., for defendant James C. Youde.

Dennis Lindsay and Robert Conklin, Lindsay, Nahstoll, Hart, Dafoe & Krause, Portland, Or., for defendant Weir H. Owens.

Marvin S. Nepom, Portland, Or., for defendant Herman Goldberg.

## OPINION

SOLOMON, District Judge:

This case is before the court on plaintiffs' motion to add Celeste Barberis and Jack M. Roos as plaintiffs pursuant to Fed.R.Civ.P. 21 or, in the alternative, to permit them to intervene as plaintiffs pursuant to Fed.R.Civ.P. 24. The defendants contend that these motions are not timely.

This case was filed on June 10, 1970, and it was permitted to proceed as a class action; notice was sent to the members of the class, including Barberis and Roos, a few months later. In 1971, the depositions of Barberis and Roos were taken. On November 28, 1972, D.C., 357 F.Supp. 255 after a trial on the segregated issue of liability, I held that this action could proceed as a class action with plaintiff Kolousek and Blakely representing a class of stockholders who purchased in reliance on various documents distributed by the defendants. In the same opinion, I ruled on the liability of each defendant.

Throughout this litigation, the defendants have contended that the named plaintiffs are not proper representatives of the class. On December 5, 1972, the defendants filed a motion for an order, pursuant to 28 U.S.C. § 1292(b), permitting an interlocutory appeal on the question of whether Kolousek and Blakely, or either of them, properly represent the class.

On December 6, 1972, the plaintiffs filed a motion to add Barberis and Roos as plaintiffs asserting that they are clearly proper representatives of the class and, if they are added as parties or permitted to intervene, that the defendants' motion will be moot. The defendants contend that the plaintiffs' motion is not timely and that neither Barberis nor Roos is a proper representative of the class.

Plaintiffs cite two cases to support their motion to intervene and two cases to support their motion to add parties.

On the motion to intervene, they cite Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694 (1967), and Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed. 2d 814 (1967). *Neusse* was not a class action. In addition, intervention by the Banking Commissioner, whose interest the court found was not adequately represented, was sought prior to a decision on the merits. The other case was a public antitrust action and not a class action. The parties sought to intervene because a settlement reached by the Attorney General and approved by the district court was adverse to their interests and inconsistent with a previous mandate of the Supreme Court. These were unusual circumstances and a settlement, affecting many people with widespread implications, would remain uncontested unless the parties were permitted to intervene. No such public interest is involved here.

On the addition of parties, the plaintiffs cite Mullaney v. Anderson, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952) and Anglo-Canadian Shipping Co. v. United States, 238 F.2d 18 (9th Cir. 1956). In *Mullaney* the real party in interest was substituted for his agent. In permitting this action, the court stated that, "[r]ule 21 will rarely come into play at this stage of the litigation." 342 U.S. at 417, 72 S.Ct. at 430. In *Anglo-Canadian Shipping*, the court permitted an additional party to be named to cure a jurisdictional defect.

None of these cases are in point, and plaintiffs have failed to deal with the question of whether a motion to add parties or to intervene in a class action is proper after a favorable decision on both the propriety of the class action and the merits.

The motions to intervene and to add parties are neither timely nor proper. They are denied.