[Nos. 5483-7-III; 5274-5-III.   Division Three.   October 18, 1983.]

CLYDE CARLE, ET AL, *Plaintiffs,* v. EARTH STOVE, INC., ET AL, *Appellants,* FOREMOST INSURANCE COMPANY, *Respondent.*

CLYDE CARLE, ET AL, *Plaintiffs,* v. EARTH STOVE, INC., *Respondent,* FOREMOST INSURANCE COMPANY, *Appellant.*

*John W. Schedler* and *Lee, Smart, Cook & Martin, Inc., P.S.,* for Earth Stove, Inc., et al.

*Stephen C. Haskell, MacGillivray & Jones, Stanley E. Perdue,* and *Maloney, Phillabaum & Perdue,* for Foremost Insurance Company.

GREEN, A.C.J.—During 1979 Clyde and Olivine Carle brought an action against Earth Stove, Inc., and others to recover for fire damage allegedly caused by a defective stove. The Carles lost and, by virtue of the long–arm statute, Earth Stove was awarded attorney's fees and costs in excess of $15,000.[1] There was no appeal.

This case consolidates two appeals arising from Earth Stove's attempts to collect its judgment. First, on January 20, 1982, it garnisheed Foremost Insurance Company, the Carles' insurer, alleging Foremost was indebted to the Carles. Foremost answered that there was nothing due and owing. Earth Stove controverted the answer in an affidavit signed only by its attorney. The affidavit stated Foremost, pursuant to its right of subrogation, brought the original action in the Carles' name to recover amounts paid to the Carles under its policy. It further alleged, as a subrogee, Foremost was required to indemnify the Carles for the

---

[1] The fees were awarded to both Earth Stove, Inc., and Energy Alternatives, Inc., d/b/a Earth Stove Northwest, the successor corporation.

judgment. Foremost then moved for summary judgment on the basis that affidavit was insufficient because it was not signed by the plaintiff as required by RCW 7.33.240. Summary judgment was granted and the garnishment was dismissed without prejudice. Foremost appeals contending it is entitled to a dismissal *with* prejudice.

In a second attempt to collect its judgment, in April 1982 Earth Stove moved to add Foremost as a party to the action and for judgment against Foremost nunc pro tunc. This motion was supported by an affidavit and numerous documents which reveal the action was in fact initiated by Foremost in the Carles' name. The court denied the motion on the basis Earth Stove, not being in privity with Foremost, had no standing to urge joinder and, in any event, the court had no authority to grant the motion post judgment. Earth Stove appeals contending Foremost was the moving force and in control of the action; therefore, adding it as a party, albeit post judgment, would merely reflect the realities of the case.

While the court's ruling concerning joinder is generally correct, if Foremost was the moving force behind the suit, we agree with Earth Stove's contention that Foremost should have been joined as a party. Since the court did not decide whether Foremost was the moving force behind the action when it denied the motion, we remand for a hearing on that issue. In light of our decision, we do not reach the garnishment issue raised in Foremost's appeal.

The affidavit filed in support of Earth Stove's motion to add Foremost contains prima facie evidence that Foremost was not only the instigator but controlled the action against Earth Stove under its right to subrogation. Most insurance policies provide the insurance company is entitled to exercise its subrogation rights in the insured's name. This is consistent with the long–standing rule that reference to insurance coverage during a trial of the type involved here is impermissible. *See Rich v. Campbell,* 164 Wash. 393, 397–99, 2 P.2d 886 (1931); Comment, ER 411.

This rule, however, would also have prevented Earth

Stove from adding Foremost as a party at the outset of trial. Hence, while Foremost, as a subrogee, was entitled to the Carles' rights and remedies against Earth Stove as the alleged wrongdoer,[2] Earth Stove has been prevented from reaching one who as a practical matter was a party to the suit. If Earth Stove's affidavit is true, in our view Foremost should not be permitted to avoid the consequences of its action while it stood to reap the benefits.

■■ CR 20(a) permits joinder of all parties against whom a right to relief is asserted if there are common questions of law and fact, and they arise out of the same transaction or occurrence. CR 21 authorizes the court to add a party "at any stage of the action and on such terms as are just." Federal courts under Fed. R. Civ. P. 21 have added parties to an action after judgment has been entered where no prejudice is shown. *See Mullaney v. Anderson,* 342 U.S. 415, 417, 96 L. Ed. 458, 72 S. Ct. 428 (1952); *Gentry v. Smith,* 487 F.2d 571 (5th Cir. 1973); *Anglo Can. Shipping Co. v. United States,* 238 F.2d 18, 19 (9th Cir. 1956); *Reichenberg v. Nelson,* 310 F. Supp. 248, 251 (D. Neb. 1970). Since CR 21 is identical to and patterned from the federal rule, it is appropriate that we apply the federal courts' interpretation. *See American Discount Corp. v. Saratoga W., Inc.,* 81 Wn.2d 34, 37, 499 P.2d 869 (1972). As the court pointed out in *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 767, 522 P.2d 822 (1974):

> the basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized by Vanderbilt as "the sporting theory of justice."

Here, since a motion to add Foremost at the outset of the action would have injected insurance into the case and invaded Foremost's right to proceed in the insured's name, Earth Stove's failure to seek joinder prior to trial operated

---

[2]*See MGIC Fin. Corp. v. H.A. Briggs Co.,* 24 Wn. App. 1, 6, 600 P.2d 573 (1979).

to Foremost's benefit. If Foremost controlled the litigation, adding it as a party after judgment would not prejudice it. Consequently, we hold the court had authority to add Foremost as a party.

Foremost argues, however, that the Carles sought damages in excess of Foremost's subrogated rights; therefore, the Carles are the only real parties in interest and the trial court was nevertheless correct in denying Earth Stove's motion. We disagree.

■ In *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 381–82, 94 L. Ed. 171, 70 S. Ct. 207, 12 A.L.R.2d 444 (1949), the Court held under the federal rules where an insurer had paid part of the insured's claim, either the insurer or insured may institute the action and the other party may be joined or added upon the defendant's motion. *See also Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C. Cir. 1963); *McNeil Constr. Co. v. Livingston State Bank*, 300 F.2d 88 (9th Cir. 1962); *Kansas Elec. Power Co. v. Janis*, 194 F.2d 942 (10th Cir. 1952). *See also* Annot., 13 A.L.R.3d § 4[a], at 151 (1967). The rule permitting joinder protects the defendant's right to have the entire controversy adjudicated in a single action. *City Stores Co. v. Lerner Shops, Inc.*, 410 F.2d 1010 (D.C. Cir. 1969); *Yorkshire Ins. Co. v. United States*, 171 F.2d 374 (3d Cir. 1948). This interpretation reflects Washington's policy that:

> Modern rules of procedure are intended to allow the court to reach the merits, as opposed to disposition on technical niceties. CR 17(a) [the real parties in interest rule] is designed to expedite litigation—not to allow narrow constructions or technicalities to interfere with the merits of a legitimate controversy.

(Footnotes omitted.) *Fox v. Sackman*, 22 Wn. App. 707, 709, 591 P.2d 855 (1979).

We therefore hold if Foremost is found to be the moving force and to have exercised substantial control of this action adding it as a party would be appropriate. Therefore, the denial of the motion to add Foremost as a party is reversed and remanded for a hearing on that issue.

Reversed and remanded.

McINTURFF, J., and EDGERTON, J. Pro Tem., concur.