**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| LAW OFFICE OF B. CRAIG GOURLEY, PLLC, a Washington Professional Limited Liability Company, d/b/a GOURLEY LAW GROUP,<br><br>Respondent,<br><br>v.<br><br>DAVID P. MAROSI and CHERYL A. FORD, husband and wife, and their marital community, and THE MAROSI LIVING TRUST,<br><br>Appellants. | No.    87469-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — David Marosi, Cheryl Ford, and the Marosi Living Trust (the Marosis) appeal from a final judgment in favor of the Law Office of B. Craig Gourley, PLLC (Gourley) on its claim for breach of contract based on unpaid attorney fees. The trial court granted Gourley's motion for summary judgment on this claim and awarded attorney fees incurred in the litigation pursuant to Gourley's standard fee agreement. Because the Marosis established a genuine issue of material fact as to the reasonableness of the unpaid attorney fees at issue, we reverse the summary judgment ruling, vacate the trial court's related rulings, and remand for further proceedings consistent with this opinion.

I

The Marosis hired Gourley in July 2019 to defend them in a real property dispute with a neighbor. The parties' relationship deteriorated over the few months Gourley represented the Marosis: Gourley asserted the Marosis were threatening, difficult to work with, and seeking to subvert justice; and the Marosis asserted Gourley was unresponsive and unreasonably billing them. Gourley terminated its representation of the Marosis in February 2020. Approximately three years later, in March 2023, Gourley filed a complaint against the Marosis for breach of contract and breach of the implied duty of good faith and fair dealing.

A month later, in April 2023, the Marosis timely filed their answer. The answer specifically disputed the reasonableness of the fees at issue. The Marosis, for example, alleged that Gourley was seeking unpaid fees for a "missed deposition and unnecessary hearings." And they attached to their answer a detailed exhibit setting forth individual objections to each disputed billing entry as well as their agreement to pay some entries. One objection, relevant here, relates to a billing entry for "Travel to and attend deposition of Cheryl Ford-Marosi." In response, the Marosis indicated, "Agreed that this entry is billable **except for the time that he fell asleep during the deposition.**" (Emphasis in original.)

In November 2023, six months after the Marosis filed their answer, Gourley filed a motion for summary judgment. The motion argued that the Marosis had breached their contract with Gourley, but did not address Gourley's good faith and fair dealing claim. When Gourley filed the motion, the Marosis were no longer represented by counsel, as their lawyer had since resigned from membership in

the Washington State Bar Association in lieu of discipline and had informed the Marosis he could no longer represent them.

In response to the summary judgment motion, the Marosis filed a motion for a continuance under CR 56(f). In that motion, the Marosis specifically contest "the reasonableness of the attorney fee amount" and include a subjoined affidavit, which states:

> There are many things that were unfair about the billing charged. I understand there were block-bills, and some of it was for work that never should have happened. Some work appears to have been while under sleep as well. We need more time and help in defending against this lawsuit.

The next page of the motion is comprised of a certificate of service and an attestation, "I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct." David Marosi's signature appears below this attestation. It is unclear whether the attestation applies solely to the certificate of service or also applies to the declaration, which otherwise lacks a signature.

The trial court granted Gourley's motion for summary judgment, denied the Marosis' motion for a continuance, and awarded Gourley $20,243.50 for the legal services it provided to the Marosis and $2,964.19 in attorney fees and costs incurred in pursuing collection of fees under the parties' fee agreement. The Marosis, now represented by counsel, timely filed a motion for reconsideration, which the court granted in part and denied in part. In their motion, the Marosis reiterated their contention that the reasonableness of Gourley's fees was at issue and argued Gourley had the burden of proof to establish the reasonable value of

its services. The court vacated the judgment portion of its summary judgment order because summary judgment had been granted as to the breach of contract claim without addressing the good faith and fair dealing claim and Gourley had not properly presented the judgment in accordance with CR 54(f). The remainder of the motion was denied as to both the breach of contract claim and the Marosis' motion for a continuance. Shortly thereafter, in April 2024, Gourley filed a CR 41 motion for voluntary dismissal of the good faith and fair dealing claim. The Marosis filed a response indicating they did not oppose the requested dismissal.

Also in April 2024, the Marosis filed a motion for leave to file an amended answer adding three counterclaims: "(1) breach of fiduciary duty, (2) breach of the duty of good faith and fair dealing, and (3) violation of Washington's consumer protection act." These claims are purportedly based on a provision in Gourley's standard fee agreement which states that the Marosis "agree to and accept the amounts stated on invoices" and "waive all further objections thereto" if they fail to contact Gourley with regard to any such billing issues within five days of receipt of each billing statement. A commissioner denied the Marosis' motion for leave to amend their answer. The Marosis then filed a motion for revision of the commissioner's order, which the trial court denied. A few months later, in June 2024, Gourley filed a motion for additional attorney fees incurred after the trial court granted summary judgment in its favor. In August 2024, the court granted that motion and awarded additional fees and costs totaling $18,031.43.

Finally, in October 2024, after the trial court had resolved Gourley's breach of contract claim, dismissed the good faith and fair dealing claim, and resolved all

issues regarding recovery of attorney fees in litigation, Gourley filed a notice of presentation of final judgment. Later that month, the trial court entered final judgment in favor of Gourley in the amount of $41,239.12, which is comprised of the principal judgment awarded for the breach of contract claim, attorney fees and costs associated with litigating the breach of contract claim, and additional attorney fees and costs associated with responding to the Marosis' post-summary-judgment motions. This timely appeal followed.

## II

The Marosis argue the trial court erred in granting Gourley's motion for summary judgment on its breach of contract claim. We agree.

Summary judgment is governed by "'a burden-shifting scheme.'" *Welch v. Brand Insulations, Inc.*, 27 Wn. App. 2d 110, 114, 531 P.3d 265 (2023) (internal quotation marks omitted) (quoting *Bucci v. Nw. Tr. Servs., Inc.*, 197 Wn. App. 318, 326, 387 P.3d 1139 (2016)). "The moving party bears the initial burden 'to prove by uncontroverted facts that there is no genuine issue of material fact.'" *Id*. at 115 (quoting *Jacobsen v. State*, 89 Wn.2d 104, 108, 569 P.2d 1152 (1977)). If the moving party meets this burden, the burden shifts to the nonmoving party to show "'specific facts evidencing a genuine issue of material fact for trial.'" *Id*. (quoting *Schaaf v. Highfield*, 127 Wn.2d 17, 21, 896 P.2d 665 (1995)). We review orders on summary judgment de novo. *Id*.

Additionally, CR 56(h) provides, "The order granting or denying the motion for summary judgment shall designate the documents and other evidence called to the attention of the trial court before the order on summary judgment was

entered." The trial court did that here; it listed "Plaintiff's Motion for Summary Judgment," "Declaration of Thomas L. Hause and exhibits thereto," and "Defendant's [sic] Motion for CR 56(f) Continuance." In accordance with RAP 9.12, this court similarly limits its review to these same documents. Having properly identified the record on review, "[s]ummary judgment should be granted where reasonable minds can reach only one conclusion based on the admissible facts in evidence." *Barker v. Advanced Silicon Materials, LLC, (ASIMI)*, 131 Wn. App. 616, 623, 128 P.3d 633 (2006). Lastly, in making this determination, "[w]e consider the evidence and all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Welch*, 27 Wn. App. 2d at 115.

Here, we assume without deciding that Gourley met its initial burden on summary judgment and the burden of production therefore shifted to the Marosis to show specific facts evidencing a genuine issue of material fact for trial. The Marosis satisfied that burden. While they failed to file a timely memorandum in opposition to the motion for summary judgment prior to the deadline specified in CR 56(c), they included a substantive response to the summary judgment motion—specifically addressing the reasonableness of the disputed fees—in their motion for a continuance, which the trial court listed as one of the documents it considered in deciding the summary judgment motion. In the subjoined declaration submitted with the CR 56(f) motion, David Marosi specifically raises fact issues regarding block billing, work that "never should have happened," and work that allegedly occurred "while under sleep"—a clear reference to the corresponding entry in the exhibit attached to the Marosis' answer. It is therefore inaccurate to

state, as Gourley asserts in its appellate brief, that the Marosis "failed to respond" to the summary judgment motion.

It is also inaccurate to state, as the trial court concluded, that the Marosis failed to file the above declaration "under penalty of perjury." As noted previously, the attestation is unclear in that regard. But here, we are considering the attestation for purposes of determining whether the trial court erred in granting Gourley's summary judgment motion, which requires the court to consider the evidence and all reasonable inferences therefrom in a light most favorable to the Marosis (the nonmoving parties). In this context, the subjoined declaration is sufficiently attested. The attestation refers to "the foregoing," which can reasonably be interpreted to include the otherwise unsigned declaration. Interpreting the attestation in this manner also is consistent with a stated purpose of the civil rules, which "'are intended to allow the court to reach the merits, as opposed to disposition on technical niceties.'" *Sheldon v. Fettig*, 129 Wn.2d 601, 609, 919 P.2d 1209 (1996) (quoting *Carle v. Earth Stove, Inc.*, 35 Wn. App. 904, 908, 670 P.2d 1086 (1983)).

In deciding this issue, it also is significant that "[t]he party seeking recovery of attorney fees as damages bears the burden of presenting evidence as to the reasonableness of the amount of fees claimed." *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 139 Wn. App. 743, 761, 162 P.3d 1153 (2007). RPC 1.5(a) sets forth nine factors to be considered in determining the reasonableness of a fee. We have indicated that a trier of fact "may be aided in its consideration of this issue by the use of expert testimony." *Jacob's Meadow*, 139 Wn. App. at 761.

Here, the Marosis lacked that assistance and, indeed, were proceeding pro se at the time they filed their subjoined declaration. Still, given the requirement that we view the evidence in a light most favorable to the Marosis, Gourley's ultimate burden to establish reasonableness, and the distinct nature of the Marosis' complaints—block billing, poor communication, scheduling issues, and the (as yet unproven) assertion that their attorney fell asleep during a deposition—we cannot conclude that "reasonable minds can reach only one conclusion based on the admissible facts in evidence." *Barker*, 131 Wn. App. at 623. On this record, the trial court erred in granting Gourley's summary judgment motion.

III

Having reversed the trial court's summary judgment ruling in favor of Gourley, we briefly address the parties' remaining arguments.

First, the Marosis argue the trial court erred in denying their motion for leave to amend their answer to add several counterclaims (as set forth above). Both the court commissioner and the trial court below denied leave to amend because the Marosis did not seek to add the counterclaims until after the court had granted summary judgment in Gourley's favor and, thus, the motion was untimely. Because we reverse the trial court's summary judgment ruling, this reason for denying leave to amend is no longer applicable. We express no opinion as to whether leave to amend should be granted or denied should the Marosis file another such motion on remand.

Second, the Marosis argue the trial court erred in awarding fees and costs to Gourley under the parties' fee agreement and they challenge the amount of the

award.  The trial court awarded fees and costs based on the following provision in Gourley's standard fee agreement:

> Client agrees to pay a reasonable Attorney fees and costs . . . in the event that any action is necessary to collect any fees, costs . . . through . . . litigation . . . and Client agrees to pay Attorneys their costs and prevailing hourly rate for any time relating to any action.

Because we reverse the trial court's summary judgment ruling, this basis for granting fees also no longer applies.  We therefore vacate the trial court's fee award and remand this issue to the trial court as well.[1]

Lastly, both parties seek attorney fees on appeal.  The Marosis argue they are entitled to fees on appeal under RAP 18.1 and on both equitable and contractual grounds.  Gourley, in turn, argues it is entitled to fees on appeal on the same contractual basis as its award of fees below.  Because we reverse the trial court's summary judgment ruling, Gourley has not yet established any entitlement to additional attorney fees under the parties' fee agreement.  Nor have the Marosis established any entitlement to fees on equitable or contractual grounds.  These issues, too, are remanded for further proceedings consistent with this opinion.[2]

---

[1] Should another motion for prevailing party attorney fees be granted on remand, the trial court must provide the necessary findings of fact and conclusions of law sufficient to permit appellate review.  *See White v. Clark County*, 188 Wn. App. 622, 639, 354 P.3d 38 (2015).  Contrary to this bedrock requirement, the trial court's previous order awarding additional attorney fees does not include any findings of fact or conclusions of law nor does it address the reasonableness of the requested hours and rates, fees related to unsuccessful claims, and otherwise unproductive time (if any).  Although neither party has yet prevailed in this litigation, we briefly address the Marosis' argument regarding the sufficiency of the trial court's lodestar analysis "because these issues are likely to recur on remand regardless of which party prevails."  *Bittner v. Symetra Nat'l Life Ins. Co.*, 32 Wn. App. 2d 647, 675, 558 P.3d 177 (2024).

[2] Because we reverse the trial court's summary judgment ruling, we need not decide (nor do the Marosis ask us to decide) whether the trial court abused its discretion in denying the Marosis' motion for a continuance and motion for reconsideration.

IV

We reverse the trial court's summary judgment ruling, vacate the related rulings specified herein (including the final judgment in Gourley's favor), and remand for further proceedings consistent with this opinion.

Feldman, J.

WE CONCUR:

Birk, J.